IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA FEATHER, on behalf of herself, individually, and on behalf of all others similarly situated, and on behalf of the SSM Plan, <br><br> Plaintiff, <br><br> vs. <br><br> SSM HEALTH CARE, PENSION COMMITTEE FOR THE RETIREMENT PLAN FOR SSM EMPLOYEES, JOHN and JANE DOES 1-40, Members of the Pension Committee for the Retirement Plan for SSM Employees, and JOHN and JANE DOES 21-40, <br><br> Defendants. | Case No. 16-CV-393-NJR-SCW |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on a motion to transfer venue filed by Defendants (Doc. 33). Defendants also filed a motion asking the Court to schedule oral arguments on their motion to transfer (Doc. 34). The Court feels, however, that oral arguments are not necessary; the transfer request can be resolved based on the papers already filed by the parties. Consequently, the motion for oral argument is denied. And, for the reasons explained below, the motion to transfer venue is granted.

## BACKGROUND[1]

Defendant SSM Health Care ("SSM") is a non-profit corporation that operates a

---

[1] This information in this section is based on the complaint and the exhibits to Defendants' motion to transfer (Docs. 1, 33-1, 33-2, 33-3, and 33-4).

variety of healthcare facilities and employs over 31,000 people across Missouri, Illinois, Wisconsin, and Oklahoma. SSM sponsors three non-contributor defined benefit pension plans that cover substantially all of its employees: the Retirement Plan for Employees of SSM Health Care; the Retirement Plan for Employees of Certain Illinois Entities Related to SSM Health Care; and the Retirement Plan for Employees of St. Mary's Hospital Centralia, Illinois (collectively, the "pension plans").

Plaintiff Lisa Feather was employed for nearly thirty years by SSM at Good Samaritan Hospital in Mount Vernon, Illinois, and is a vested participant in SSM's pension plans. She filed this putative class action in April 2016 on behalf of herself and all other similarly situated participants in the pension plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. She alleges that SSM erroneously and wrongfully designated its pension plans as "church plans" that did not need to comply with the requirements of ERISA. Feather further alleges that SSM violated numerous ERISA requirements, including failing to provide plan participants with summary plan descriptions and pension benefits statements and failing to file annual reports with the Secretary of Labor. Most seriously, she claims that SSM underfunded the pension plans by at least $700 million.

In response to the complaint, Defendants filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 33). They argue that this case should be transferred to the United States District Court for the Eastern District of Missouri because each of the pension plans contains a mandatory forum selection clause requiring any and all actions relating to or arising under the plans to be brought and resolved in that venue (Doc. 33).

Feather opposes the motion to transfer, arguing that the forum selection clauses are unreasonable and inconsistent with ERISA (Doc. 39).

The forum selection clauses at issue each state the following:

> Governing Law, Venue Selection. The Plan and the Trust shall be construed, enforced, and administered and their validity determined in accordance with the laws of the State of Missouri except as preempted by federal law. Any action by any Plan Participant, Beneficiary, or Alternate Payee relating to or arising under the Plan shall be brought and resolved only in the state courts in St. Louis County, Missouri, or the U.S. District Court for the Eastern District of Missouri. These state or federal courts shall have personal jurisdiction over any party to an action relating to or arising under the Plan. Each party shall be responsible for paying its own attorney's fees.

(Doc. 33-1, p. 79; Doc. 33-2, p. 76; Doc. 33-3, p. 84).

## DISCUSSION

The proper mechanism for enforcing a forum selection clause that points to a particular federal district court is a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579–80 (2013); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28–29 (1988). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion must conduct a "flexible and individualized analysis" that considers and balances the plaintiff's choice of forum and private-interest factors, such as convenience to the parties and witnesses, with public-interest factors, such as efficient administration of the court system and the relationship of each community to

the controversy. *Atl. Marine*, 134 S. Ct. at 581; *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).[2] The party seeking transfer ultimately bears the burden of proving that the transfer is warranted. *E.g., New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010); *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

However, "the calculus changes" when a motion to transfer is premised on the enforcement of a valid forum-selection clause. *Atl. Marine*, 134 S. Ct. at 581. "The plaintiff's choice of forum merits no weight," and "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 134 S. Ct. at 581. Additionally, the district court cannot weight the parties' private interests, but must deem such interests to "weigh entirely in favor of the preselected forum." *Atl. Marine*, 134 S. Ct. at 582. The court may only consider public interests, and "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 134 S. Ct. at 582. Thus, the Court must first address whether the forum selection clause is valid and enforceable before deciding whether a transfer is warranted under § 1404(a).

**A. Validity and Enforceability of the Forum Selection Clause**

In order to determine whether the forum selection clause is valid and enforceable,

---

[2] The parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive," while the public interests include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 134 S. Ct. at 581, n.6 (citations omitted).

the Court must first identify the governing law. Neither party explicitly states whether federal law or state law applies (*see* Doc. 33; Doc. 39, pp. 4–5; Doc. 40, p. 1 n.3). But if state law applies, Feather suggests that it should be the law of Illinois (Doc. 39, p. 5), while Defendants believe it should be the law of Missouri (Doc. 40, p. 1 n.3).

While a majority of federal circuit courts have concluded that federal common law governs the validity of a forum selection clause, the Seventh Circuit has taken a different approach and concluded that for "contracts containing a choice of law clause . . . the law designated in the choice of law clause would be used to determine the validity of the forum selection clause." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014), *cert. denied sub nom. W. Sky Fin. v. Jackson*, 135 S. Ct. 1894 (2015) (citing *Abbott Laboratories v. Takeda Pharmaceutical Co.*, 476 F.3d 421 (7th Cir. 2007)). *See also Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827 & n.5 (6th Cir. 2009) (collecting cases); 14D Charles Alan Wright, et al., *Federal Practice & Procedure* § 3803.1, at 107–12 (4th ed. 2014).

Here, the pension plans each contain a choice of law clause, which provides that the laws of the State of Missouri apply except as preempted by federal law (Doc. 33-1, p. 79; Doc. 33-2, p. 76; Doc, 33-3, p. 84). The Court need not definitively decide whether Missouri law or federal law applies when determining the enforceability of the forum selection clause because there is no conflict between the two (*see* Doc. 40, p. 1 n.3). *See also High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493, 497 (Mo. 1992) ("Following the important Supreme Court decision in *M/S Bremen*, many jurisdictions adopted the rule upholding the parties' free contractual choice, at least where the agreement was not unreasonable. . . . [W]e join the better-reasoned majority rule and will enforce such

clauses, so long as doing so is neither unfair nor unreasonable."); *Paramont Properties, LLC v. LaSalle Bank Nat. Ass'n*, No. 4:08CV00193MLM, 2008 WL 948284, at *2 (E.D. Mo. Apr. 4, 2008) ("Missouri has adopted the federal standard for determining whether to enforce a forum selection clause.") (citation omitted); *Hernandez v. Texas Capital Bank, N.A.*, No. 07-0726-CV-W-ODS, 2008 WL 342758, at *2 (W.D. Mo. Feb. 5, 2008) ("Missouri [has] adopted the federal standard.") (citation omitted).[3]

The federal standard for enforcement of forum selection clauses was set forth in *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972). Under the *Bremen* standard, forum selection clauses are presumptively valid and should be enforced unless they are unreasonable or unfair. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014); *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006). As the party opposing the forum selection clause, Feather has the burden of showing that the clause should not be enforced. *See Atl. Marine*, 134 S. Ct. at 581; *Jackson*, 764 F.3d at 776.

Feather advances three reasons why the forum selection clause should not be enforced (Doc. 39, pp. 5–16), which are discussed in turn below.

### 1. Forum Selection Clause vs. ERISA Venue Provision

Feather argues the forum selection clauses should be deemed unenforceable because they contravene ERISA's broad venue provision (Doc. 39). The ERISA venue provision provides three options for bringing an action—it can be brought "where a plan

---

[3] For what it's worth, it appears that Illinois law also does not conflict with the federal standard (*see* Doc. 39, p. 5). *See also Jackson*, 764 F.3d at 777 ("Illinois, like many states, has used *M/S Bremen* and its touchstone concept of reasonableness to evaluate the enforceability of a forum selection clause."); *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 611 (7th Cir. 2006) ("At the black-letter level, Illinois law concerning the validity of forum selection clauses is materially the same as federal law. . . . But in application as distinct from general statement (and one must always be wary about generalities in judicial opinions), the Illinois law on validity is more lenient toward the defendant than the federal law when there is a significant inequality of size or commercial sophistication between the parties[.]")

is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C § 1132(e)(2). Here, the forum selection clauses eliminate two of the three options provided by the statute and require Feather to bring her case in the venue where Defendants reside (*see* Docs. 33-1, 33-2, 33-3). Feather argues that this deprives her of her affirmative right to choose her own forum and conflicts with one of ERISA's primary policies of providing ready access to the federal courts and removing jurisdictional barriers that prevent plan participants and their beneficiaries from asserting their statutory rights (Doc. 39). In essence, Feather is arguing that forum selection clauses in ERISA plans are *per se* invalid.

In support of her argument, Feather indicates that the Department of Labor and the Solicitor General have espoused in previous cases that forum selection clauses are inconsistent with ERISA (Doc. 39, pp. 13–14). But Feather did not indicate the context in which the Department of Labor or the Solicitor General advanced this position (*e.g.* in an amicus brief or in court filings as a litigant), and she did not explain the level of deference to be afforded to this position or why this position is legally appropriate (*see* Doc. 39). The Court will not make these arguments for Feather. Given Feather's failure to analyze or explain these critical points, the Court finds the position advanced by Government agents is of little to no persuasive value.

In terms of binding precedent, neither the Supreme Court nor the Seventh Circuit has addressed the enforceability of a forum-selection clause in an ERISA plan. The Sixth Circuit Court of Appeals is the only federal appellate court that has done so, and that court held that such a clause was enforceable and was not inconsistent with the purposes

of ERISA generally or its venue statute in particular. *Smith v. Aegon Companies Pension Plan,* 769 F.3d 922, 931–33 (6th Cir. 2014), *cert. denied,* 136 S. Ct. 791 (2016). The vast majority of federal district courts to consider this argument also have reached the same conclusion. *Mroch v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 14-CV-4087, 2014 WL 7005003, at *3 (N.D. Ill. Dec. 10, 2014); *Loeffelholz v. Ascension Health, Inc.,* No. 13–CV–1495, 2014 WL 3817289, at *4 (M.D. Fla. June 25, 2014); *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guar. Plan,* 2 F.Supp.3d 928 (W.D.La. 2014); *Price v. PBG Hourly Pension Plan*, No. 12-15028, 2013 WL 1563573, at *2 (E.D. Mich. Apr. 15, 2013); *Marin v. Xerox Corp.*, 935 F.Supp.2d 943, 946–47 (N.D. Cal. 2013); *Scaglione v. Pepsi-Cola Metropolitan Botteling Co. Inc.*, 884 F. Supp. 2d 642 (N.D. Ohio 2012); *Drapeau v. Airpax Holdings, Inc. Severance Plan*, No. CIV. 11-64 DWF/JSM, 2011 WL 3477082, at *3 (D. Minn. Aug. 9, 2011); *Williams v. CIGNA Corp.*, No. 5:10-CV-00155, 2010 WL 5147257, at *4 (W.D. Ky. Dec. 13, 2010); *Testa v. Becker*, No. CV10638GHKFMOX, 2010 WL 1644883, at *5 (C.D. Cal. Apr. 22, 2010); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Employee Ben. Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *1 (D. Ariz. Feb. 8, 2010); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 861 (N.D. Cal. 2010); *Sneed v. Wellmark Blue Cross & Blue Shield of Iowa*, No. 1:07CV292, 2008 WL 1929985, at *2 (E.D. Tenn. Apr. 30, 2008); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1023 (C.D. Cal. 2008); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 435–436 (S.D. N.Y. 2007); *Rogal v. Skilstaf, Inc.*, 446 F. Supp. 2d 334, 338 (E.D. Pa. 2006); *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1007 (D. Minn. 2006).

Only a few district courts have held a forum-selection clause in an ERISA plan is

invalid because it contravenes ERISA. *Dumont v. PepsiCo, Inc.*, No. 1:15-CV-369-NT, 2016 WL 3620736, at *10 (D. Me. June 29, 2016); *Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901 (N.D. Ill. 2013); *Nicolas v. MCI Health and Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006). These cases are outliers that other courts have declined to follow. *Mroch*, 2014 WL 7005003, at *3; *Price*, 2013 WL 1563573, at *2; *Marin*, 935 F. Supp. 2d at 946; *Rodriguez*, 716 F. Supp. 2d at 861; *Testa*, 2010 WL 1644883, at *5; *Klotz*, 519 F. Supp. 2d at 436.

Simply put, a clear consensus has emerged among the federal courts, and Feather has not set forth any persuasive reason for going against that consensus. All of her arguments have been rejected in a number of well-reasoned decisions, particularly that of the Sixth Circuit in *Smith*. The Court sees no need to rewrite or rehash at length what has already been said. In short, the forum selection clause is not inconsistent with the policy rationales of ERISA because it does not inhibit Feather's access to federal courts when it provides for venue in a federal court. *See, e.g., Smith*, 769 F.3d at 931. Additionally, forum selection clauses promote other ERISA policies, including uniformity of administration and reducing costs, which benefit all participants and beneficiaries. *See, e.g., Smith*, 769 F.3d at 931–32. The forum selection clause is also not inconsistent with the terms of the venue provision because it provides that suit is to be brought in one of the three places designated in the statute, and nothing in the statutory language bars parties from agreeing to narrow the venue options. *See, e.g., Smith*, 769 F.3d at 932. Thus, the Court joins the majority of courts that have considered this issue in concluding that ERISA does not preclude forum selection clauses.

### 2. Lack of Notice of the Forum Selection Clause

Feather next argues that the forum selection clauses are unreasonable and unfair because they were unilaterally added to the pension plans by the plan administrators and participants never received notice of the addition (Doc. 39, pp. 5–7). [4] A non-negotiated forum selection clause can be invalidated only if it "flunk[s] the test of 'fundamental fairness.'" *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 610 (7th Cir. 2006) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The Supreme Court suggested three factors that should be considered in assessing fundamental fairness: (1) whether the forum selection clause was motivated by bad faith, such as a means of discouraging individual from pursuing legitimate claims, (2) whether accession to the forum selection clause was obtained by fraud or overreaching; and (3) whether a plaintiff was "given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity." *Carnival Cruise Lines*, 499 U.S. at 595.

Feather's challenge relates solely to the third factor. In arguing that a forum selection clause is unenforceable where it was not reasonably communicated to the party against whom enforcement is sought, Feather relies heavily on a case decided by another judge in this district: *Mezyk v. U.S. Bank Pension Plan*, No. CIVA 309-CV-384-JPG, 2009

---

[4] Feather also suggests that the failure to notify plan participants of the forum selection clause renders the clause procedurally unconscionable (Doc. 39, p. 6, n.3). The Court will not address this argument, however, because it was raised exclusively in an undeveloped footnote and thus the Court considers it waived. *See Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("We have often said that a party can waive an argument by presenting it only in an undeveloped footnote"); *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012) (finding waiver when argument was in footnote, consisted of four sentences, and did not contain any citation to authority); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009) (finding waiver when argument was a one-sentence assertion in a footnote with no citation to the record); *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989) (argument raised in passing in a footnote deemed waived).

WL 3853878, at **3–4 (S.D. Ill. Nov. 18, 2009) (Doc. 39, p. 6). In *Mezyk*, the forum selection clause "was not negotiated with or reasonably communicated to the plaintiffs;" instead, it was unilaterally added to the plan. *Id.* at *4. The participants also were not given any notice of the forum selection clause until after they had filed suit, even though it had been added to the plan approximately five months earlier. *Id.* The *Mezyk* court refused to enforce the clause because "[t]o bind the plaintiffs to a Plan provision of which they were not reasonably notified would be manifestly unjust[.]" *Id.*

This Court is unpersuaded by *Mezyk* and does not believe that the lack of notice makes the forum selection clause fundamentally unfair under the circumstances. To begin with, unlike the short time-frame *Mezyk*, the forum selection clauses here were initially added to the pension plans in January 2009 (Doc. 33-4), meaning Feather had more than *seven years* to read the pension plans before filing suit. There is no indication that the documents were withheld from Feather or that she was otherwise unable to obtain them. The Court also does not see why advance notice of the forum selection clauses was needed when Feather did not have any bargaining power to negotiate the terms or the exclusion of the clause. Instead, the plans provided that the administrator was free to unilaterally amend the plans at any time it deemed advisable (Doc. 33-1, p. 68; Doc. 33-2, p. 65; Doc. 33-3, p. 72). There is no indication that Feather or other plan participants played any role in negotiating the terms of the pension plans or administering the plans. The Court also does not see how notice after the clauses were added was important because there is no indication that Feather had the power to reject the pension plan "with impunity" (*see* Doc. 39; *see also* Doc. 33-1, p. 29; Doc. 33-2, p. 25;

Doc. 33-3, p. 28 (indicating that employees who have become plan participants or who are eligible to become plan participants shall not be permitted to elect not to participate in the plan)). And, even if Feather did have the power to reject the pension plans, she does not argue, and it's not reasonable to assume, that she would have walked away from a pension simply because any future lawsuits would have to be filed in St. Louis (*see* Doc. 39; Doc. 40).

For these reasons, this Court does not believe that the lack of notice to Feather about the forum selection clause makes the clause fundamentally unfair and unenforceable.[5]

### 3. Effect of Attorney Fee Provision on Forum Selection Clause

Feather also argues that the forum selection clauses should be deemed unenforceable because they require each party to pay their own attorney fees, which she claims violates ERISA's fee shifting provision, 29 U.S.C. S 1132(g)(1) (Doc. 39, p. 11). As best the Court can tell, Feather seems to believe that the attorney fee clause and the forum selection clause should rise and fall together simply because they appear in the same paragraph of the pension plans. But even though they appear in the same

---

[5] *See Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809, 812 (W.D. Va. 2011) (enforcing forum selection clause in ERISA plan despite plaintiff's objection regarding lack of notice); *Conte v. Ascension Health*, No. 11-12074, 2011 WL 4506623, at *2 (E.D. Mich. Sept. 28, 2011) (same; "In this Court's view, where Plaintiff did not have bargaining power to negotiate the inclusion or exclusion of the forum selection clause [to a long-term disability plan], notice is not relevant to determining whether the provision was freely negotiated and enforceable."); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 860 (N.D. Cal. 2010) (enforcing forum selection clause in ERISA plan despite plaintiff's objection regarding lack of notice); *Testa v. Becker*, No. CV10638GHKFMOX, 2010 WL 1644883, at *7 (C.D. Cal. Apr. 22, 2010) (same and declining to follow *Mezyk*); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Employee Ben. Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *2 (D. Ariz. Feb. 8, 2010) (same and declining to follow *Mezyk*); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1024 (C.D. Cal. 2008) (enforcing forum selection clause in ERISA plan despite lack of advance notice to participants because "even though the beneficiaries of the plan may not have had notice of the forum selection clause, the employer, who negotiated the plan, did have notice of the clause and the ability to reject the contract").

paragraph, they are clearly separate and distinct clauses (*see* Doc. 33-1, p. 79; Doc. 33-2, p. 76; Doc. 33-3, p. 84). And it cannot reasonably be suggested that the attorney fee clause is a material or essential term of the contract. Therefore, the Court cannot imagine why the purported unenforceability of the attorney fee clause would automatically render the forum selection clause unenforceable as well. It seems that to the extent the attorney fee clause is unenforceable, it could be severed from the plans without affecting the forum selection clause. (*See* Doc. 33-1, p. 79; Doc. 33-2, p. 76; Doc. 33-3, p. 84 (severability clause)). *See also, e.g., Sprague v. Household Int'l*, 473 F. Supp. 2d 966, 976 (W.D. Mo. 2005) (Under Missouri law, "[i]f an unenforceable term is not essential to the entire agreement, then the rest of the agreement may be enforced."); *Abbott–Interfast Corp. v. Harkabus,* 619 N.E.2d 1337, 1343–44 (Ill. Ct. App. 1993) ("The trial court may, in its discretion, modify a **contract** so that it comports with the law or sever unenforceable provisions from a contract."); *People ex rel. Foreman v. Vill. of Round Lake Park,* 525 N.E.2d 868, 875 (Ill. App. Ct. 1988)("Courts which will enforce a contract with a portion severed generally do so when the severed portion does not go to the contract's essence.").

In sum, the Court is unpersuaded by all of Feather's arguments that the forum selection clauses are unreasonable or unfair and concludes that the clauses are valid and enforceable.

## B. Transfer Analysis Under § 1404(a)

Because the forum selection clauses are valid, Feather bears the burden of showing why the case should not be transferred to the forum specified in the clauses. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579–80 (2013).

Feather's choice of forum merits no weight and neither do the parties' private interests. *Id.* at 581, 582. Only public interests matter. *Id.* And "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582.

The public interest factors relate to the efficient administration of the court system. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.* Nothing in Feather's discussion of these factors convinces the Court that this case is the unusual exception in which the public interest factors overwhelmingly disfavor a transfer to the forum specified in the clause (*see* Doc. 39, p. 18). Consequently, the forum selection clauses control, and this case must be transferred to the Eastern District of Missouri.

## CONCLUSION

The motion for oral argument filed by Defendants (Doc. 34) is **DENIED**, and the motion to transfer filed by Defendants (Doc. 33) is **GRANTED**. The Clerk of Court is **DIRECTED** to transfer this case to the Eastern District of Missouri.

IT IS SO ORDERED.

DATED:   October 25, 2016

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**